FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 14, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURA M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:19-CV-00135-JTR <br><br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 12, 13. Attorney Mark Lane Bunch represents Laura M. (Plaintiff); Special Assistant United States Attorney Katherine Bennett Watson represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 5. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Accordingly, the Court substitutes Andrew M. Saul as the Defendant and directs the Clerk to update the docket sheet. *See* FED. R. CIV. P. 25(d).

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed an application for Disabled Widow Benefits on August 19, 2016, and an application for Supplemental Security Income on May 25, 2016, alleging disability since December 1, 2015, due to depression, hyperlipidemia, high triglycerides, hypertension, hypothyroidism, degeneration of the lumbar spine, AC joint degeneration of both shoulders, GERD, and skin cancer. Tr. 74, 103. The applications were denied initially and upon reconsideration. Tr. 178-85, 189-94. Administrative Law Judge (ALJ) M. Scott Kidd held a hearing on December 7, 2017. Tr. 37-72. At the hearing, Plaintiff indicated her intent to request a closed period of disability, ending October 1, 2017, with her return to full-time work. Tr. 42. The ALJ issued an unfavorable decision on March 14, 2018. Tr. 17-29. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request on February 25, 2019. Tr. 1-5. The ALJ's March 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 25, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1965 and was 50 years old as of her alleged onset date. Tr. 27. She has a high school education and her work history has been primarily as a caregiver. Tr. 44, 581. In 2015, her husband died suddenly, following the deaths of Plaintiff's brother, mother, and stepson in quick succession, causing Plaintiff to fall into a significant depression. Tr. 56-57. Her physical capabilities also began to decline at this point, and she testified she was no longer able to perform the physical requirements of most caretaking jobs. Tr. 48. By the time of the hearing, she had returned to full time work, having secured a caretaking position where she was only present overnight in case her clients needed help, and she was not required to provide any physical assistance. Tr. 47.

///

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the

claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(40(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 14, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had engaged in substantial gainful activity beginning October 1, 2017, but that there was a 12-month period since the alleged onset date when she did not engage in substantial gainful activity. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, bilateral shoulder arthritis, depression, anxiety, gout, diabetes, and hypertension. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertional work, with the following specific limitations:

> occasionally lift and/or carry 20 pounds, frequently 10 pounds; stand/walk up to 6 hours and sit up to six hours in a workday; except she can occasionally climb ladders, ropes, and scaffolds. She can frequently stoop, kneel, crouch, and crawl. She must avoid concentrated exposure to vibrations and hazards. She is limited to unskilled work consisting of simple, routine, repetitive tasks consisting of one to four steps performed in a static environment that

would experience few work-related changes and those that might
would be gradually introduced, explained, or demonstrated. She
cannot perform work involving strict time or strict time production
quotas. She can have frequent superficial interaction with others with
"superficial" defined as no sales arbitration or negotiation and would
not be required to direct or manage others.

Tr. 22-23.

At step four, the ALJ found Plaintiff was unable to perform her past relevant work as a nurse assistant, home attendant, ticket seller, and general clerk. Tr. 27.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of housekeeper, collator, and cafeteria attendant. Tr. 27-28.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from December 1, 2015, the alleged onset date, through the date of the decision. Tr. 28-29.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly finding Plaintiff's conditions did not meet or equal a listing; and (2) formulating an RFC that is not supported by substantial evidence.[2] Plaintiff also asserts the ALJ made erroneous

///

---

[2]Plaintiff's arguments on both of these issues relate to the ALJ's assessment of the medical evidence and Plaintiff's subjective statements. The Court will therefore address the ALJ's evaluation of the evidence first.

step five findings. This final assignment of error is based on success on either of the other two assigned errors and was not independently briefed.

## DISCUSSION

**1. Opinion Evidence**

Plaintiff takes issue with the ALJ's treatment of the opinion evidence regarding her mental capabilities. ECF No. 12 at 7-8.

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion by citing "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record. *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).

In November 2016, Plaintiff underwent a consultative psychological exam with Dr. Renee Thompson, Psy.D. Tr. 579-84. Dr. Thompson diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, and other specified anxiety disorder (possibly panic disorder and agoraphobia). Tr. 583. She concluded Plaintiff was capable of understanding, remembering and carrying out simple work-related instructions and noted she may have difficulty interacting in a work setting with coworkers and supervisors. Tr. 584.

State agency reviewing doctors examined Plaintiff's file in January 2017 and April 2017 and concluded she was capable of simple, repetitive tasks, would do best with no contact with the public and limited contact with coworkers, and had

some psychomotor slowing that could impact her ability to respond to change and persist throughout a workday. Tr. 85-86, 136-38.

The ALJ assigned Dr. Thompson's opinion little weight, finding it inconsistent with the normal mental status exams throughout the record, and Plaintiff's ability to perform a wide variety of activities of daily living. Tr. 26. He further noted that the opinion was vague and did not specify how Plaintiff's impairments would impact her day-to-day ability to work. *Id.* Similarly, he assigned little weight to the state agency opinions, finding them inconsistent with normal mental status exams, Plaintiff's activities of daily living, and Plaintiff's return to work in late 2017. Tr. 25. He further noted the state agency doctors never examined Plaintiff and did not review the more recently submitted evidence. *Id.*

Plaintiff fails to assign any specific error to the analysis provided by the ALJ. ECF No. 12 at 7-8. She merely notes that the ALJ "took to task" each medical opinion in the file relating to Plaintiff's mental health. Plaintiff further implies that, since the opinions were consistent with each other and the record as a whole, the ALJ should not have rejected them. ECF No. 12 at 7-8. Simply offering an alternative evaluation of the evidence does not demonstrate error on the part of an ALJ. An ALJ may legitimately consider a medical opinion's consistency with the record as a whole, the level of explanation offered by the source, and the source's familiarity with the claimant and the medical record. 20 C.F.R. 404.1527(c); 416.927(c). The ALJ did so here.

Plaintiff asserts each of the opinions from the consultative examiner and the state agency doctors "are more restrictive with regards to interference with work activities than the ALJ adopted in his decision." ECF No. 12 at 7. The Court finds this is not so. Though the ALJ purported to give little weight to each of the opinions, they are largely consistent with the RFC ultimately adopted, which limits Plaintiff to unskilled, simple, repetitive, routine work, with a static environment,

gradual introduction of changes, no strict time or production quotas, and no more than superficial interaction with others. Tr. 23. To the extent the ALJ did not fully adopt the opinions, the Court notes each source opined on conditions under which Plaintiff would best operate or simply stated she would have difficulty without quantifying her residual ability. "The RFC is the most a claimant can do despite her limitations," not the optimal conditions for working. Social Security Ruling 96-8p; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009) (reasoning that the ALJ is not required to credit or reject an examining psychologist's recommendations for coping with symptoms when those recommendations do not include opinions as to specific functional limitations). To the extent the ALJ rejected any limitations, the Court finds the ALJ offered sufficient reasons.

**2.     Plaintiff's Subjective Statements**

Plaintiff argues the ALJ's findings regarding her testimony are not supported by the record. Specifically, Plaintiff challenges the ALJ's use of Plaintiff's return to work as a factor contrary to her claim of disability. ECF No. 12 at 6-7.

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. The ALJ found Plaintiff's allegations of disability

to be undermined by Plaintiff's wide variety of daily activities, the medical records routinely demonstrating normal physical and mental status exams, a number of Plaintiff's claimed impairments being under some degree of control, her course of treatment, and her return to work in October 2017. Tr. 25.

Plaintiff has challenged only the ALJ's use of her return to work at the end of the requested closed period and has offered no argument as to why any of the ALJ's other reasons were improper. She has thus waived her right to do so. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

The Court finds no error in the ALJ's analysis. A claimant's daily activities may support an adverse credibility finding if the activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Court finds that the ALJ's reasoning is supported by substantial evidence.

**3. Listing 12.04**

Plaintiff argues the ALJ failed to make clear what opinion evidence was the basis for his determination that Plaintiff's impairments did not meet listing 12.04. ECF No. 12 at 8.

A claimant is considered disabled at step three when an impairment meets or equals a listed impairment in Appendix 1 and meets the durational requirement. 20 C.F.R. §§ 404.1520(d); 416.920(d). "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the

ALJ is not required to state why a claimant fails to satisfy every criteria of the listing if they adequately summarize and evaluate the evidence. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990); *Lewis*, 236 F.3d at 512.

At step three the ALJ found Plaintiff's conditions did not meet or medically equal any listed impairment. The ALJ made findings regarding the requirements of Listing 12.04 and the relevant "B criteria" and "C criteria," finding neither to be satisfied. Tr. 21-22. Plaintiff has failed to show that the ALJ erred in this process. She points to no evidence to indicate the findings were wrong and does not assert any theory for how the evidence indicates listing 12.04 is met or equaled. The Court finds the ALJ's findings are supported by substantial evidence.

**4.     Formulation of the RFC**

Plaintiff generally asserts the RFC with respect to Plaintiff's mental abilities is "not even remotely supported by the medical evidence" because the opinion evidence all indicates more limitations than the ALJ adopted in the RFC, indicating the ALJ substituted his own medical judgment. ECF No. 12 at 7.

As discussed above, the Court finds no error in the ALJ's discussion of the opinion evidence and finds the RFC is largely consistent with the opinions in the record. The ALJ is under no obligation to adopt in full any one opinion; rather he must translate and incorporate the clinical findings into a succinct RFC. *Rounds v. Comm'r Soc. Sec. Admin*, 807 F.3d 996, 1006 (9th Cir. 2015). Plaintiff has failed to identify any limitations that she alleges were improperly omitted from the RFC.

**5.     Step Five Findings**

Plaintiff asserts that the ALJ erred in his step five determination because the finding stems from an inaccurate residual functional capacity determination. ECF No. 12 at 4, 9. Because the Court found that the ALJ did not harmfully err in his treatment of Plaintiff's symptom statements and the medical opinions in the formulation of the RFC, the Plaintiff's assignment of error is without merit.

///

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED April 14, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE